DAN M. LEE, Presiding Justice,
dissenting:
This case presents serious questions regarding our eminent domain laws. Upon reflection, and after careful consideration of the Petition for Rehearing and briefs of the parties, it is my opinion that the original opinion in this case is incorrect for two (2) reasons. First, I do not believe this Court has the authority to grant summary judgment where none has ever been requested. Second, during the eminent domain trial, the State made a motion for continuance for the' purpose of reappraising the property to reflect a lower value based on remodeling of the building rather than total destruction of the building. The State’s motion was denied, the trial went forward, and testimony received as to the value of the building from both parties was based on the total destruction of the building. Before and during this litigation the State had offered to sell the building back to Charmar for $1,000.00. A jury decision was reached in the eminent domain case on the theory that the building would be totally destroyed. That decision was never appealed and the time for appeal of that judgment has long since passed. Therefore, this Court may not afford that final judgment, nor anything which occurred during that proceeding, appellate review. Under these circumstances, the greatest possible remedy for the State Highway Commission was exactly what the trial court awarded: the salvage value of the building, stipulated as being $4,250.00. In light of these considerations, the Petition for Rehearing in this case has merit and should be granted.
HAWKINS, P.J., and ANDERSON, J„ join this dissent.
PITTMAN, J., not participating.